## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

The Trustees of the Minnesota State Basic
Building Trades Fringe Benefit Funds,

Civil File No. 05-2751 RHK/AJB

Plaintiffs,

**FINDINGS OF FACT,**
**CONCLUSIONS OF LAW,**
**AND ORDER**

vs.

TP Concrete & Masonry, Inc. a Minnesota
corporation, d/b/a Expert Masonry, Inc.; and
Terri L. M. Patterson,

Defendants.

Rosene, Haugrud & Staab, Chartered, by STEPHEN KELLY, Esq., of St. Paul, Minnesota, appeared for Plaintiffs.

There was no appearance for Defendants.

This matter came on for hearing before the Court on February 15, 2006, on Plaintiffs' motion for entry of Defendants' default, for default judgment, and for an Injunction.

Upon all files, records and proceedings herein, the Court makes the following:

### FINDINGS OF FACT

1.      The Defendants were served with the Summons and Complaint in the present action on December 14, 2005.

2.      That Co-Defendant Terri L. M. Patterson is neither an infant nor an incompetent person.

3.      That Defendants have failed to Answer, or otherwise defend, and are in default.

4.     Defendants are signatory to the following Collective Bargaining Agreements:

    a.     between the Associated General Contractors of Minnesota ("AGCM"), the Minnesota Concrete and Masonry Contractors Association ("MCMCA"), and the Bricklayers and Allied Craftworkers Union Local No. 1 of Minnesota;

    b.     between the AGCM, the MCMCA, and the Minnesota Cement Masons, Plasterers and Shophands Local No. 633; and

    c.     between the AGCM, the MCMCA, and the Laborers District Council of Minnesota and North Dakota.

5.     Pursuant to the above-referenced Collective Bargaining Agreements, Defendants are obligated to submit to Plaintiffs' Third-Party Administrator ("TPA") monthly fringe benefit contribution Report Forms indicating the fringe benefit contribution payment amounts due for the prior month.

6.     Plaintiffs' TPA conducts periodic fringe benefit compliance audits to determine the veracity of employer monthly reporting of fringe benefit contribution payments.

7.     On or before January 6, 2006, Plaintiffs' TPA conducted a fringe benefit compliance audit of Defendants' books and records.

8.     The fringe benefit payroll audit summaries shows under-reported and unpaid fringe benefit contributions to Plaintiffs through November 30, 2005, in the amount of $33,351.19, plus liquidated damages in the amount of $3,335.12, for a subtotal of $36,686.31.

Based on its review, the Court reaches the following:

## CONCLUSIONS OF LAW

1.     That Plaintiffs' motion for entry of Defendants' default and for default judgment in favor of Plaintiffs

and against Defendants, jointly and severally, in the amount of $41,851.40 pursuant to Rule 55 of the Federal Rules of Civil Procedure will be granted.

## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1.      Default be Entered by the Clerk against Defendants;

2.      Plaintiffs' Motion for Default Money Judgment is Granted; and

3.      Plaintiffs are entitled to judgment against Defendants, jointly and severally, for delinquent fringe benefit contribution payments in the amount of $33,351.19, liquidated damages in the amount of $3,335.12, audit fees in the amount of $940.00, attorney fees in the amount of $3,873.40, and costs in the amount of $351.69, for a total of $41,851.40.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Dated:  March 8, 2006                    s/Richard H. Kyle
                                         RICHARD H. KYLE
                                         United States District Judge